# NO. 12-18-00331-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *LEE CHRISTOPHER BARRS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

On January 11, 2018, the State charged Appellee Lee Christopher Barrs with committing the offense of DWI-subsequent offense. Barrs moved to suppress evidence alleging that Sergeant Todd Little of the Crockett Police Department stopped and detained him without a lawful warrant and without reasonable suspicion that a crime had been or soon would be committed. The trial court granted Barrs's motion. In one issue, the State appeals from the trial court's granting of the motion to suppress. We affirm.

### BACKGROUND

Goliad Avenue and Houston Avenue in Crockett run a parallel east-west course one block apart. Houston Avenue marks the north side of the courthouse square. Goliad the south side. Fourth Street provides the square's west boundary, 5th Street the east boundary.

Sergeant Little was patrolling East Houston Avenue heading west to the courthouse square two blocks away. While at the intersection of East Houston Avenue and 7th Street, he looked to his left and saw Barrs's pickup leaving the intersection of East Goliad Avenue and 7th Street at what he thought might be an excessive rate of speed. From his vantage point, Sergeant Little could not tell whether the pickup failed to stop for the stop sign at East Goliad and 7th. But the speed of the truck leaving the intersection made him suspect that Barrs ran the stop sign.

When Sergeant Little reached the square, Barrs's pickup was already on the square turning from Fifth Street onto Houston going around the square. Sergeant Little fell in behind the pickup and quickly observed that Barrs did not signal a lane change as he merged onto 4th Street from Houston Avenue. Sergeant Little activated the overhead lights of his patrol car and stopped Barrs. Field sobriety tests led Sergeant Little to believe Barrs was driving while intoxicated. Sergeant Little arrested Barrs and charged him with DWI.

Barrs filed a motion to suppress contending Sergeant Little lacked probable cause for the stop. Sergeant Little maintained he initiated the stop for failure to signal a lane change. The trial judge found that Sergeant Little initiated the stop prior to observing the traffic offense alleged as the basis for the stop. The trial court granted the motion to suppress. This appeal followed.

## MOTION TO SUPPRESS

In its sole issue, the State complains Sergeant Little witnessed Barrs's failure to signal a change of lanes going around the courthouse square in Crockett. Therefore, the State argues, Sergeant Little had probable cause for the stop.

### Standard of Review

We review a trial court's ruling on a motion to suppress for abuse of discretion. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We give almost total deference to the trial court's determination of historical facts if supported by the record. *State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013). We give the same level of deference to the court's resolution of mixed questions of law and fact that rely on the credibility of the witnesses. *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019). We review de novo mixed questions that do not rely on credibility determinations. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). We review de novo pure questions of law. *Id*. We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Duran*, 396 S.W.3d at 571.

### Applicable Law

The Fourth Amendment permits the warrantless detention of a person if the detention is justified by an Sergeant's reasonable suspicion that some crime was, or is, about to be committed. *See* U.S. CONST. amend. 4; *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Reasonable suspicion of criminal activity sufficient to justify an investigatory stop exists if the

police Sergeant has specific articulable facts that, when combined with the rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in or is, or soon will be, engaging in criminal activity. *Jaganathan*, 479 S.W.3d at 247. This standard looks solely to determine whether an objective basis for the stop exists and disregards the subjective intent of the Sergeant making the stop. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). When a traffic offense is committed in the presence of a peace Sergeant, the detention is reasonable. *Wehring v. State*, 276 S.W.3d 666, 671 (Tex. App.—Texarkana 2008, no pet.). It is not necessary that the reasonable suspicion relate to a specific criminal offense. *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011). "An Sergeant's suspicion is not unreasonable just because facts surrounding a suspected offense might ultimately show a defense to conduct." *Jaganathan*, 479 S.W.3d at 248. The possibility that an act is justified does not negate reasonable suspicion. *Id*.

A police officer's reasonable mistake about the facts may legitimately justify his own conclusion that there is probable cause to arrest or reasonable suspicion to detain so long as his actions are lawful under the facts as he reasonably, albeit mistakenly, perceived them to be. *Robinson v. State*, 377 S.W.3d 712, 720-21 (Tex. Crim. App. 2012). But "[a]n Sergeant's mistake about the law, or about the legal significance of undisputed facts, even if eminently reasonable, cannot serve to provide probable cause or reasonable suspicion." *Id*. at 722.

A driver shall signal "to indicate an intention to turn, change lanes, or start from a parked position." TEX. TRANSP. CODE ANN. § 545.104(a) (West 2011). "Laned roadway" means a roadway that is divided into at least two clearly marked lanes for vehicular travel. *Id*. § 541.302(7) (West 2011).

**Discussion**

The trial judge reviewed the patrol car's dash cam video and found that Sergeant Little activated the overhead lights of his patrol car before Barrs changed lanes. Therefore, the trial judge determined that Sergeant Little initiated the stop before he could have observed the traffic violation the State relies on to justify the stop.

Sergeant Little testified as follows regarding Barrs's alleged failure to signal:

> Q. Did you witness the truck commit any traffic violations?
> A. Yes, as the truck was going around the square, it failed to signal its right turn, as it merged onto South 4th Street.
> …

3

THE COURT: Turned onto which street?
THE WITNESS: As it was going right - - right here on this street, and it turned - - it failed to signal as it turned right onto the - - onto the South 4th Street - - or 4th Street turning into South 4th Street.
THE COURT: Off the square?
THE WITNESS: Yes. Or it - - from the inside lane to the outside lane - - is where he failed to signal his right turn.

We have reviewed the patrol car's dash cam video and it does not contradict the trial judge's finding. However, on appeal, the State argues that Sergeant Little stopped Barrs for failing to signal his *intention* to merge into the right lane where 4th Street becomes South 4th Street. Sergeant Little testified that at the time he activated his patrol car's lights, he could tell that Barrs was going to change lanes.

There are no lines or dashes marking two lanes as one travels around the corners of the square. It is difficult to see how Sergeant Little could have divined Barrs's intent to change lanes when at that point he was following Barrs around the square where there were no markings indicating separate lanes of travel. The trial judge observed that if a motorist was required to signal as the Sergeant stated, he would have to activate his right turn signal while still turning left with circulation of traffic around the square. The judge further commented that someone stopped at 4th and Goliad preparing to enter the square might assume the signal indicated the driver's intention to turn right onto Goliad rather than continuing south on 4th Street. Such an assumption might lead the stopped motorist to enter the square colliding with the vehicle continuing on 4th Street. The photograph of the Houston County square in the record does not show that the roadway around the square is clearly marked into two separate lanes of travel. Absent clearly marked lanes of travel, Sergeant Little's honest belief that Barrs committed an offense by failing to signal a lane change would not be a reasonable one.

Sergeant Little thought that Barrs may have failed to stop for the stop sign at 7th Street and Goliad and may have exceeded the speed limit during the two blocks before he reached the square. However, before Sergeant Little reached the square, he had the opportunity to observe Barrs's vehicle for only that brief instant when he saw Barrs's truck leave the intersection of East Goliad and 7th Street, a street parallel to East Houston Avenue one block away. Sergeant Little's speculations based on such a brief sighting do not rise to the level of reasonable suspicion.

The trial judge found that at the moment Sergeant Little initiated the stop, he lacked reasonable suspicion for the stop. As an appellate court, we must give almost total deference to the trial court's determination of historical facts if supported by the record. *Duran*, 396 S.W.3d

4

at 570. We give the same level of deference to the trial court's resolution of mixed questions of law and fact that rely on the credibility of the witnesses. *Martinez*, 570 S.W.3d at 281. Having reviewed the record, including the patrol car's dash-cam video, we conclude that it supports the trial court's determination that Sergeant Little lacked the requisite reasonable suspicion to detain Barr at the time he initiated the stop.

Accordingly, because the trial court did not err in suppressing the evidence developed during Barrs's detention, we overrule the State's sole issue.

## DISPOSITION

We *affirm* the trial court's order granting Barrs's motion to suppress.

**BILL BASS**
Justice

Opinion delivered September 18, 2019.
*Panel consisted of Hoyle, J., Neeley, J, and. Bass, Retired J., Twelfth Court of Appeals, sitting by assignment,*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 18, 2019

NO. 12-18-00331-CR

**THE STATE OF TEXAS,**
Appellant
V.
**LEE CHRISTOPHER BARRS,**
Appellee

---

Appeal from the County Court at Law

of Houston County, Texas (Tr.Ct.No. 18-01-00008-CR)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J, and. Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*